UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERKINELMER INC.<br>and CALIPER LIFE SCIENCES, INC.,<br><br>Plaintiffs,<br>v.<br><br>BIO-TECHNE CORP.<br>and PROTEINSIMPLE,<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>NOVEMBER 6, 2015 |

## COMPLAINT

Plaintiffs PerkinElmer Inc. ("PerkinElmer") and Caliper Life Sciences, Inc. ("Caliper") (collectively, "Plaintiffs"), by and through their attorneys, Day Pitney LLP, bring this Complaint for patent infringement against defendants Bio-Techne Corporation and ProteinSimple (collectively "Defendants") and allege as follows:

### Parties

1.  PerkinElmer is a Massachusetts corporation with its principal place of business at 940 Winter Street, Waltham, Massachusetts, 02451.

2.  Caliper is a Delaware corporation with its principal place of business at 68 Elm Street, Hopkinton, Massachusetts, 01748. Caliper is a wholly owned subsidiary of PerkinElmer Holdings, Inc. (a corporation organized under the laws of the Commonwealth of Massachusetts), which, in turn, is a wholly owned subsidiary of PerkinElmer.

3.  Bio-Techne Corporation ("Bio-Techne") is a Minnesota corporation with its principal place of business at 614 McKinley Place NE, Minneapolis, Minnesota, 55413.

4.  ProteinSimple is a Delaware corporation with its principal place of business at 3001 Orchard Parkway, San Jose, California, 95134. ProteinSimple is a wholly owned

subsidiary of Bio-Techne. Bio-Techne and ProteinSimple are in the business of developing, selling, and servicing analytical instrument systems and consumables for protein analysis.

## Nature of the Action

5. Plaintiffs' claims arise out of Defendants' willful patent infringement of at least the following United States Patents, (collectively, "the Asserted Patents"):

   a. United States Patent No. 6,632,655 ("the '655 Patent), entitled "Manipulation of Microparticles in Microfluidic Systems," a copy of which is attached hereto as Exhibit A.

   b. United States Patent No. 6,430,512 ("the '512 Patent"), entitled "Software for the Display of Chromatographic Separation Data," a copy of which is attached hereto as Exhibit B;

   c. United States Patent No. 6,611,768 ("the '768 Patent"), entitled "Software for the Display of Chromatographic Separation Data," a copy of which is attached hereto as Exhibit C;

   d. United States Patent No. 6,834,240 ("the '240 Patent), entitled "Software for the Display of Chromatographic Separation Data," a copy of which is attached hereto as Exhibit D;

   e. United States Patent No. 7,426,442 ("the '442 Patent"), entitled "Software for the Display of Chromatographic Separation Data," a copy of which is attached hereto as Exhibit E; and,

   f. United States Patent No. 8,260,561 ("the '561 Patent"), entitled "Software for the Display of Chromatographic Separation Data," a copy of which is attached hereto as Exhibit F.

**Jurisdiction and Venue**

6.      This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271.

7.      Bio-Techne Corporation and ProteinSimple are subject to personal jurisdiction in this district because, among other reasons, Defendants have committed acts of direct and/or indirect infringement of one or more claims of the Asserted Patents in this district.

8.      Venue in this district is proper under 28 U.S.C. §§ 1391(b)(2), 1391(c), and 1400(b) because Defendants are subject to personal jurisdiction in this district and have committed acts of patent infringement in this district.

**Factual Background**

9.      Since its founding in 1995, Caliper has researched, designed, manufactured, sold, and supported integrated systems supporting the life sciences research community. These systems include, but are not limited to, instruments, software, reagents and assays. Caliper is a well-established industry innovator and is trusted by the world's best life sciences companies, which include pharmaceutical and biotechnology companies, as well as government and research institutions.

10.      Caliper is a pioneer in microfluidics, lab automation and optical imaging instrument technologies, as well as drug discovery and drug development outsourcing solutions. Caliper's products are groundbreaking and well-recognized around the world. Additional information about Caliper is available on its website: http://www.perkinelmer.com/industries/lifesciencesresearch/default.xhtml.

11. Caliper owns by assignment the entire right, title, and interest in the '655 Patent. The '655 Patent issued from U.S. Patent Application Serial No. 09/510,626, filed on February 22, 2000. The '655 Patent remains in full force and effect.

12. Caliper owns by assignment the entire right, title, and interest in the '512 Patent. The '512 Patent issued from U.S. Patent Application Serial No. 09/223,070, filed on December 29, 1998. The '512 Patent remains in full force and effect.

13. Caliper owns by assignment the entire right, title, and interest in the '768 Patent. The '768 Patent issued from U.S. Patent Application Serial No. 10/155,324, filed on May 24, 2002. The '768 Patent remains in full force and effect.

14. Caliper owns by assignment the entire right, title, and interest in the '240 Patent. The '240 Patent issued from U.S. Patent Application Serial No. 10/443,657, filed on May 22, 2003. The '240 Patent remains in full force and effect.

15. Caliper owns by assignment the entire right, title, and interest in the '442 Patent. The '442 Patent issued from U.S. Patent Application Serial No. 10/900,761, filed on July 27, 2004. The '442 Patent remains in full force and effect.

16. Caliper owns by assignment the entire right, title, and interest in the '561 Patent. The '561 Patent issued from U.S. Patent Application Serial No. 13/034,465, filed on February 24, 2011. The '561 Patent remains in full force and effect.

## COUNT I
**(Infringement of the '655 Patent)**

17. Plaintiffs incorporate paragraphs 1–15 by reference as if fully alleged herein.

18. Upon information and belief, ProteinSimple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use, products that directly and/or

indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '655 Patent. Such products include ProteinSimple's Simple Western systems.

19. Upon information and belief, Defendants actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '655 Patent by making, using, offering for sale, importing, and selling infringing immunoassay instruments from ProteinSimple's Simple Western systems product line, all with knowledge of the '655 Patent and its claims. Upon information and belief, Defendants have knowledge that their customers will use Simple Western immunoassay instruments to infringe the claims of the '655 Patent, and knowledge and the specific intent to encourage and facilitate those infringing uses of their instruments through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials, such as those relating to, but not limited to, ProteinSimple's Wes, Sally Sue, Peggy Sue, and NanoPro 1000.

20. Defendants had actual knowledge and notice of the '655 Patent since at least on or about May 13, 2014 by virtue of communications between Caliper and ProteinSimple. Despite this knowledge, Defendants continue to commit tortious conduct by way of patent infringement.

21. Defendants' infringement of the '655 Patent is and has been willful.

22. Plaintiffs are entitled to recover damages adequate to compensate it for this infringement.

23. Plaintiffs have suffered and will continue to suffer irreparable injuries unless Defendants' infringement of the '655 Patent is enjoined.

## COUNT II
**(Infringement of the '512 Patent)**

24. Plaintiffs incorporate paragraphs 1–22 by reference as if fully alleged herein.

25. Upon information and belief, ProteinSimple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use, products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '512 Patent. Such products include ProteinSimple's Compass software, which is designed for use with ProteinSimple's Simple Western systems.

26. Upon information and belief, Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce infringement of the '512 Patent by making, using, offering for sale, importing, and selling infringing Compass software, all with knowledge of the '512 Patent and its claims. Upon information and belief, Defendants have knowledge that their customers will use Compass software to infringe the claims of the '512 Patent, and knowledge and the specific intent to encourage and facilitate those infringing uses of Compass software through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials.

27. Defendants had actual knowledge and notice of the '512 Patent since at least on or about May 13, 2014 by virtue of communications between Caliper and ProteinSimple. Despite this knowledge, they continue to commit tortious conduct by way of patent infringement.

28. Defendants' infringement of the '512 Patent is and has been willful.

29. Plaintiffs are entitled to recover damages adequate to compensate it for this infringement.

30. Plaintiffs have suffered and will continue to suffer irreparable injuries unless Defendants' infringement of the '512 Patent is enjoined.

## COUNT III
### (Infringement of the '768 Patent)

31. Plaintiffs incorporate paragraphs 1–29 by reference as if fully alleged herein.

32. Upon information and belief, ProteinSimple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use, products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '768 Patent. Such products include ProteinSimple's Compass software, which is designed for use with ProteinSimple's Simple Western systems.

33. Upon information and belief, Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce infringement of the '768 Patent by making, using, offering for sale, importing, and selling infringing Compass software, all with knowledge of the '768 Patent and its claims. Upon information and belief, Defendants have knowledge that their customers will use Compass software to infringe the claims of the '768 Patent, and knowledge and the specific intent to encourage and facilitate those infringing uses of Compass software through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials.

34. Defendants had actual knowledge and notice of the '768 Patent since at least on or about May 13, 2014 by virtue of communications between Caliper and ProteinSimple. Despite this knowledge, they continue to commit tortious conduct by way of patent infringement.

35. Defendants' infringement of the '768 Patent is and has been willful.

36. Plaintiffs are entitled to recover damages adequate to compensate it for this infringement.

37. Plaintiffs have suffered and will continue to suffer irreparable injuries unless Defendants' infringement of the '768 Patent is enjoined.

## COUNT IV
### (Infringement of the '240 Patent)

38. Plaintiffs incorporate paragraphs 1–36 by reference as if fully alleged herein.

39. Upon information and belief, ProteinSimple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use, products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '240 Patent. Such products include ProteinSimple's Compass software, which is designed for use with ProteinSimple's Simple Western systems.

40. Upon information and belief, Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce infringement of the '240 Patent by making, using, offering for sale, importing, and selling infringing Compass software, all with knowledge of the '240 Patent and its claims. Upon information and belief, Defendants have knowledge that their customers will use Compass software to infringe the claims of the '240 Patent, and knowledge and the specific intent to encourage and facilitate those infringing uses of Compass software through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials.

41. Defendants had actual knowledge and notice of the '240 Patent since at least on or about May 13, 2014 by virtue of communications between Caliper and ProteinSimple. Despite this knowledge, they continue to commit tortious conduct by way of patent infringement.

42. Defendants' infringement of the '240 Patent is and has been willful.

43. Plaintiffs are entitled to recover damages adequate to compensate it for this infringement.

44. Plaintiffs have suffered and will continue to suffer irreparable injuries unless Defendants' infringement of the '240 Patent is enjoined.

## COUNT V
### (Infringement of the '442 Patent)

45. Plaintiffs incorporate paragraphs 1–43 by reference as if fully alleged herein.

46. Upon information and belief, ProteinSimple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use, products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '442 Patent. Such products include ProteinSimple's Compass software, which is designed for use with ProteinSimple's Simple Western systems.

47. Upon information and belief, Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce infringement of the '442 Patent by making, using, offering for sale, importing, and selling infringing Compass software, all with knowledge of the '442 Patent and its claims. Upon information and belief, Defendants have knowledge that their customers will use Compass software to infringe the claims of the '442 Patent, and knowledge and the specific intent to encourage and facilitate those infringing uses of Compass software through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials.

48. Defendants had actual knowledge and notice of the '442 Patent since at least on or about May 13, 2014 by virtue of communications between Caliper and ProteinSimple. Despite this knowledge, it continues to commit tortious conduct by way of patent infringement.

49. Defendants' infringement of the '442 Patent is and has been willful.

50. Plaintiffs are entitled to recover damages adequate to compensate it for this infringement.

51. Plaintiffs have suffered and will continue to suffer irreparable injuries unless Defendants' infringement of the '442 Patent is enjoined.

## COUNT VI
### (Infringement of the '561 Patent)

52. Plaintiffs incorporate paragraphs 1–50 by reference as if fully alleged herein.

53. Upon information and belief, ProteinSimple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use, products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '561 Patent. Such products include ProteinSimple's Compass software, which is designed for use with ProteinSimple's Simple Western systems.

54. Upon information and belief, Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce infringement of the '561 Patent by making, using, offering for sale, importing, and selling infringing Compass software, all with knowledge of the '561 Patent and its claims. Upon information and belief, Defendants have knowledge that their customers will use Compass software to infringe the claims of the '561 Patent, and knowledge and the specific intent to encourage and facilitate those infringing uses of Compass software through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials.

55. Defendants had actual knowledge and notice of the '561 Patent since at least on or about May 13, 2014 by virtue of communications between Caliper and ProteinSimple. Despite this knowledge, it continues to commit tortious conduct by way of patent infringement.

56. Defendants' infringement of the '561 Patent is and has been willful.

57. Plaintiffs are entitled to recover damages adequate to compensate it for this infringement.

58. Plaintiffs have suffered and will continue to suffer irreparable injuries unless Defendants' infringement of the '561 Patent is enjoined.

## Prayer for Relief

WHEREFORE, Plaintiffs request the following relief:

a) A judgment that Defendants Bio-Techne Corporation and ProteinSimple have infringed and are infringing the '655 Patent;

b) A judgment that Defendants Bio-Techne Corporation and ProteinSimple have infringed and are infringing the '512 Patent;

c) A judgment that Defendants Bio-Techne Corporation and ProteinSimple have infringed and are infringing the '768 Patent;

d) A judgment that Defendants Bio-Techne Corporation and ProteinSimple have infringed and are infringing the '240 Patent;

e) A judgment that Defendants Bio-Techne Corporation and ProteinSimple have infringed and are infringing the '442 Patent;

f) A judgment that Defendants Bio-Techne Corporation and ProteinSimple have infringed and are infringing the '561 Patent;

g) An award of all appropriate damages under 35 U.S.C. § 284 for Defendants Bio-Techne Corporation and ProteinSimple's past infringement and for any continuing or future infringement of the patents-in-suit;

h) An order, pursuant to 35 U.S.C. § 283, enjoining Defendants Bio-Techne Corporation, ProteinSimple, and all persons in active concert or participation with them from any further infringement of the patents-in-suit;

i) An award of interest and costs;

j) A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of Plaintiffs' reasonable attorneys' fees in prosecuting this action; and

k) Such other and further relief at law or in equity as the Court deems just and proper.

## Jury Demand

**PERKINELMER INC. AND CALIPER LIFE SCIENCES, INC. DEMAND TRIAL BY JURY ON ALL CLAIMS AND ISSUES SO TRIABLE**

November 6, 2015

Respectfully submitted,

Plaintiffs,

PERKINELMER INC. AND CALIPER LIFE SCIENCES, INC.

By their attorneys,

/s/     Michael Thad Allen____
Elizabeth A. Alquist
Eric J. TeVelde
Woo Sin Sean Park
Day Pitney, LLP
242 Trumbull Street
Hartford, CT 06103-1212
Tel. (860) 275-0100
Fax (860) 275-0343
eaalquist@daypitney.com
etevelde@daypitney.com
wpark@daypitney.com

Michael Thad Allen (BBO#679795)
Day Pitney LLP
One International Place
Boston, MA 02110
Tel. (617) 345-4600
Fax  (617) 345-4745
mallen@daypitney.com

***Attorneys for PerkinElmer, Inc. and Caliper Life Sciences, Inc.***